USDC SCAN INDEX SHEET

















JAH    12/5/03    12:15

3:03-CV-02398   BARBERA V. MEDICAL EXAMINERS

*2*

*PRFSVC.*

1  COOLEY GODWARD LLP
   GREGORY C. TENHOFF (154553)
2  WENDY J. BRENNER (198608)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA 94306-2155
4  Telephone:   (650) 843-5000
   Facsimile:   (650) 849-7400
5
   Attorneys for Defendant
6  NATIONAL BOARD OF MEDICAL EXAMINERS

7  SOLOMON WARD SEIDENWURM & SMITH LLP
   DANIEL E. GARDENSWARTZ (169749)
8  401 B Street, Suite 1200
   San Diego, California 92101
9  Telephone:   (619) 231-0303
   Facsimile:   (619) 231-4755
10
   Attorneys for Defendant
11 THE FEDERATION OF STATE MEDICAL BOARDS

12              UNITED STATES DISTRICT COURT

13             SOUTHERN DISTRICT OF CALIFORNIA

14                  SAN DIEGO DIVISION

15

16 JOE BARBERA,                         Case No. 03 CV 02398IEG (LSP)

17          Plaintiff,                  **CERTIFICATE OF SERVICE OF NOTICE TO
                                        ADVERSE PARTY OF REMOVAL OF
18      v.                              ACTION UNDER 28 U.S.C. § 1441(b)**

19 NATIONAL BOARD OF MEDICAL            Trial Date: Not Yet Set
   EXAMINERS, INC., a District of Columbia
20 Corporation; THE FEDERATION OF
   STATE MEDICAL BOARDS, an entity of
21 unknown form; THE MEDICAL BOARD OF
   CALIFORNIA; and DOES 1 through 10,
22 inclusive,

23          Defendants.

24

25      Rosa M. Nichols certifies and declares as follows:

26      I am over the age of 18 years and not a party to this action.

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664407 v1/PA
#8NR01!.DOC                    1.          **CERTIFICATE OF SERVICE OF NOTICE TO
                                           ADVERSE PARTY**

FILED

03 DEC -2  PH 4: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1    My business address is Cooley Godward LLP, 4401 Eastgate Mall, San Diego, California

2    92121, which is located in the city and county of San Diego, where the mailing described below

3    took place.

4    On December 2, 2003, I deposited in the United States mail at San Diego, California, a

5    copy of the Notice to Adverse Party of Removal to Federal Court dated December 2, 2003, a copy

6    of which is attached to this Certificate.

**Lathe Gill
P.O. Box 1058
Crescent City, CA 95531**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2003

By: _____
        Rosa M. Nichols

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664407 v1/PA
#8NR01!.DOC

2.

CERTIFICATE OF SERVICE OF NOTICE TO
ADVERSE PARTY

1    COOLEY GODWARD LLP
     GREGORY C. TENHOFF (154553)
2    WENDY J. BRENNER (198608)
     Five Palo Alto Square
3    3000 El Camino Real
     Palo Alto, CA  94306-2155
4    Telephone:    (650) 843-5000
     Facsimile:    (650) 849-7400
5
     Attorneys for Defendant
6    NATIONAL BOARD OF MEDICAL EXAMINERS
7    SOLOMON WARD SEIDENWURM & SMITH LLP
     DANIEL E. GARDENSWARTZ (169749)
8    401 B Street, Suite 1200
     San Diego, California 92101
9    Telephone:    (619) 231-0303
     Facsimile:    (619) 231-4755
10
     Attorneys for Defendant
11   THE FEDERATION OF STATE MEDICAL BOARDS
12
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
13
                            COUNTY OF SAN DIEGO
14

| 15  JOE BARBERA, | No.  GIC 816859 |
| 16        Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| 17        v. | |
| 18  NATIONAL BOARD OF MEDICAL EXAMINERS, INC., a District of Columbia Corporation; THE FEDERATION OF STATE MEDICAL BOARDS, an entity of unknown form; THE MEDICAL BOARD OF CALIFORNIA; and DOES 1 through 10, inclusive, | |
| 22        Defendants. | |

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664406 v1/PA
#8NQ011.DOC

NOTICE TO ADVERSE PARTY OF REMOVAL
TO FEDERAL COURT

1    TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2         PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

3    States District Court for the Southern District of California, San Diego Division, on December 2,

4    2003.

5         A copy of the Notice of Removal is attached to this Notice and is served and filed

6    herewith.

7    Dated: December 2, 2003                    COOLEY GODWARD LLP
                                                GREGORY C. TENHOFF (154553)
8                                               WENDY J. BRENNER (198608)

9

10                                              _____
                                                Wendy J. Brenner
11
                                                Attorneys for Defendant
12                                              NATIONAL BOARD OF MEDICAL
                                                EXAMINERS
13
     Dated: December ___, 2003                  SOLOMON WARD SEIDENWURM &
14                                              SMITH LLP
                                                DANIEL E. GARDENSWARTZ (169749)
15

16

17                                              _____
                                                      Daniel E. Gardenswartz
18
                                                Attorneys for Defendant
19                                              THE FEDERATION OF STATE
                                                MEDICAL BOARDS

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664406 v1/PA
#8NQ01!.DOC

1.                                       NOTICE TO ADVERSE PARTY OF REMOVAL
                                                          TO FEDERAL COURT

1  TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2  PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

3  States District Court for the Southern District of California, San Diego Division, on December 2,

4  2003.

5       A copy of the Notice of Removal is attached to this Notice and is served and filed

6  herewith.

7  Dated: December __, 2003          COOLEY GODWARD LLP
                                     GREGORY C. TENHOFF (154553)
8                                    WENDY J. BRENNER (198608)

9

10                                   _____
                                          Wendy J. Brenner
11
                                     Attorneys for Defendant
12                                   NATIONAL BOARD OF MEDICAL
                                     EXAMINERS
13
   Dated: December 1, 2003           SOLOMON WARD SEIDENWURM &
14                                   SMITH LLP
                                     DANIEL E. GARDENSWARTZ (169749)
15

16

17                                   _____
                                          Daniel E. Gardenswartz
18                                   Attorneys for Defendant
                                     THE FEDERATION OF STATE
19                                   MEDICAL BOARDS

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664406 v1/PA
#8NQ01!.DOC

1.

NOTICE TO ADVERSE PARTY OF REMOVAL
TO FEDERAL COURT

1  COOLEY GODWARD LLP
   GREGORY C. TENHOFF (154553)
2  WENDY J. BRENNER (198608)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA  94306-2155
4  Telephone:   (650) 843-5000
   Facsimile:    (650) 849-7400
5
   Attorneys for Defendant
6  NATIONAL BOARD OF MEDICAL EXAMINERS
7  SOLOMON WARD SEIDENWURM & SMITH LLP
   DANIEL E. GARDENSWARTZ (169749)
8  401 B Street, Suite 1200
   San Diego, California 92101
9  Telephone:   (619) 231-0303
   Facsimile:    (619) 231-4755
10
   Attorneys for Defendant
11 THE FEDERATION OF STATE MEDICAL BOARDS

12                    UNITED STATES DISTRICT COURT

13                  SOUTHERN DISTRICT OF CALIFORNIA

14                         SAN DIEGO DIVISION

15                       '03 CV 0 2 3 9 8 IEG   (LSP)

16 JOE BARBERA,                          State Court No. GIC 816859

17              Plaintiff,               NOTICE OF REMOVAL OF ACTION UNDER
                                         28 U.S.C. § 1441(B)
18         v.
                                         Trial Date: Not Yet Set
19 NATIONAL BOARD OF MEDICAL
   EXAMINERS, INC., a District of Columbia
20 Corporation; THE FEDERATION OF
   STATE MEDICAL BOARDS, an entity of
21 unknown form; THE MEDICAL BOARD OF
   CALIFORNIA; and DOES 1 through 10,
22 inclusive,

23              Defendants.

24

25 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

26         PLEASE TAKE NOTICE that Defendants National Board of Medical Examiners ("NBME")

27 and the Federation of State Medical Boards ("Federation") hereby remove to this Court the state

28 court action described below.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664405 v1/PA                    1.          NOTICE OF REMOVAL OF ACTION UNDER
#8NP01!.DOC                                             28 U.S.C. §1441(b)

FILED

03 DEC -2 PH 1: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1.     On August 27, 2003, an action was commenced in the Superior Court of the State of California in and for the County of San Diego entitled "Joe Barbera v. National Board of Medical Examiners, Inc., a District of Columbia Corporation; The Federation of State Medical Boards, an entity of unknown form; The Medical Board of California; and DOES 1 through 10, inclusive," as case number GIC 816859 (the "Action").

2.     The first date upon which the NBME received a copy of the complaint in the Action was on November 4, 2003, when a process server for Plaintiff's counsel hand delivered a copy of the complaint and summons to the NBME's offices (attached hereto as Exhibit A).  Other than the materials attached as Exhibit A hereto, no other pleadings, process or orders have been served on the NBME.

3.     The first date upon which the Federation received a copy of the complaint in the Action was on November 3, 2003, when a process server for Plaintiff's counsel hand delivered a copy of the complaint and summons to the Federation's offices (attached hereto as Exhibit B). Other than the materials attached as Exhibit B hereto, no other pleadings, process or orders have been served on the Federation.

4.     This Notice of Removal is being filed within thirty (30) days of receipt of the complaint by the NBME and the Federation and is thus timely filed under 28 U.S.C. Section 1446(b).

**JURISDICTION**

5.     This Court has original jurisdiction over this action under 28 U.S.C. Section 1331. This action may be removed to this Court by the NBME and the Federation pursuant to the provisions of 28 U.S.C. Section 1441(b) because it allegedly arises under federal law (the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*).   Plaintiffs' complaint expressly seeks relief under the Americans with Disabilities Act.

6.     The NBME and the Federation are informed and believe that no other party named as a defendant herein has been properly served with process in this action as of the date of this removal.  Therefore, all defendants who have been served with a summons and the complaint in the Action are joining in this Notice of Removal.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664405 v1/PA
#8NP01!.DOC

2.

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §1441(b)

**INTRADISTRICT ASSIGNMENT**

7.      Because Plaintiff filed the state court action in the Superior Court of California in and for the County of San Diego, the Action is properly assigned to the United States District Court for the Southern District of California, San Diego Division.

8.      The NBME and the Federation will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of San Diego and, pursuant to 29 U.S.C. section 1446(d), will promptly give Plaintiff and his attorney of record notice of this Notice of Removal.

THEREFORE, the NBME and the Federation respectfully request that this case proceed before this Court as an action properly removed. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

Dated: December 2, 2003

COOLEY GODWARD LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)


_Wendy Judd Brenner_
Wendy J. Brenner

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL
EXAMINERS

Dated: December __, 2003

SOLOMON WARD SEIDENWURM & SMITH LLP
DANIEL E. GARDENSWARTZ (169749)


Daniel E. Gardenswartz

Attorneys for Defendant
THE FEDERATION OF STATE MEDICAL
BOARDS

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664405 v1/PA
#8NP01!.DOC

3.

**INTRADISTRICT ASSIGNMENT**

7.    Because Plaintiff filed the state court action in the Superior Court of California in and for the County of San Diego, the Action is properly assigned to the United States District Court for the Southern District of California, San Diego Division.

8.    The NBME and the Federation will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of San Diego and, pursuant to 29 U.S.C. section 1446(d), will promptly give Plaintiff and his attorney of record notice of this Notice of Removal.

THEREFORE, the NBME and the Federation respectfully request that this case proceed before this Court as an action properly removed.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

Dated: December __, 2003

COOLEY GODWARD LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)


_____
                    Wendy J. Brenner

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL
EXAMINERS

Dated: December ⅃, 2003

SOLOMON WARD SEIDENWURM & SMITH LLP
DANIEL E. GARDENSWARTZ (169749)


_____
                    Daniel E. Gardenswartz

Attorneys for Defendant
THE FEDERATION OF STATE MEDICAL
BOARDS

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664405 v1/PA
#8NP01!.DOC

3.

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §1441(b)

Nov-05-2003 01:13pm From-    T-720  P.003/018  F-487

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
NATIONAL BOARD OF MEDICAL EXAMINERS, INC., a
District of Columbia Corporation; FEDERATION OF
STATE MEDICAL BOARDS, an entity of unknown form;
MEDICAL BOARD OF CALIFORNIA; and DOES 1 through
10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

JOE BARBERA

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
| --- |
| |

| | |
| --- | --- |
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

CASE NUMBER: *(Número del Caso)*

GIC **816859**

The name and address of the court is: *(El nombre y dirección de la corte es)*
San Diego Superior Court
330 W. Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Lathe S. Gill
PO Box 1058 Crescent City, CA 95531 Tel. 866-821-2012 Fax. 877-213-7416

| DATE: AUG 2 7 2003 *(Fecha)* | Clerk, by *(Actuario)* L. Pettavino | Deputy *(Delegado)* |
| --- | --- | --- |

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
          ☐ other:

4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

(See reverse for Proof of Service)
**SUMMONS**

WEST GROUP
Official Publisher

CCP 412.20

Nov-05-2003  01:14pm   From-                                                            T-720  P.004/018  F-487

## PROOF OF SERVICE — SUMMONS
*(Use separate proof of service for each person served)*

1. I served the
   a. ☐ summons ☐ complaint ☐ amended summons ☐ amended complaint
      ☐ completed and blank Case Questionnaires ☐ Other *(specify)*:
   b. on defendant *(name)*:

   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

GIC 816859

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)        ☐ other:
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on *(date)*:

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:                                               Date:

▶                                                   ▶

_____                     _____
*(SIGNATURE)*                                        *(SIGNATURE)*

982(a)(3) [Rev. January 1, 1984]                                          WEST GROUP
                                                                          Official Publisher

Nov-05-2003 01:14pm   From-

T-720   P.005/018   F-487

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Lathe Gill, SBN 206216
PO Box 1058 Crescent City, CA 95531
TELEPHONE NO.: 866-621-2012   FAX NO.: 877-213-7416
ATTORNEY FOR *(Name):* Joe Barbera

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

03 AUG 27 PM 2:06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

CASE NAME: Barbera v. National Board of Medical Examiners

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: GIC 816859 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter □ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
[X] Civil rights (08)   Discrim.
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)

**Employment**
□ Wrongful termination (36)
□ Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Collections (09)
□ Insurance coverage (18)
□ Other contract (37)

**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)

**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)

**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
□ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition *(not specified above)* (43)

2. This case □ is [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. □ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. □ Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):* 4

5. This case □ is [X] is not   a class action suit.

Date: 8/23/03

Lathe Gill
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

001-272 50

FILED
CIVIL BUSINESS OFFICE 19
CENTRAL DIVISION

'03 DEC 29 PM 2:06

CLERK SUPERIOR COURT
SAN DIEGO COUNTY CA

6716 01 01 GIC816859  08/28/03 10:19
02 001 New Civil              $272.50

1   LATHE S. GILL, SBN 206216
    LAW OFFICES OF LATHE S. GILL
2   PO Box 1058
    Crescent City, CA 95531
3   Tel. 866-621-2012

4

5   Attorney for Plaintiffs, JOE BARBERA

6

7

8              IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN DIEGO

10

11  JOE BARBERA,                    )  Case No.: GIC816859
                                    )
12                                  )  COMPLAINT FOR DAMAGES AND
             Plaintiff,             )  INJUNCTIVE RELIEF FOR VIOLATIONS
13                                  )  OF: AMERICANS WITH DISABILITIES
    v.                              )  ACT OF 1990; UNRUH CIVIL RIGHTS
14  NATIONAL    BOARD   OF   MEDICAL)  ACT; NEGLIGENCE; CALIFORNIA'S
    EXAMINERS, INC., a District of) UNFAIR BUSINESS PRACTICE ACT.
15  Columbia Corporation; FEDERATION)
    OF STATE MEDICAL BOARDS, an entity)  DEMAND FOR JURY
16  of unknown form; MEDICAL BOARD OF)
    CALIFORNIA; and DOES 1 through 10,)
17  inclusive                       )
                                    )
18                                  )
             Defendants.            )
19                                  )

20

21       Plaintiff JOE BARBERA complains of NATIONAL BOARD OF MEDICAL

22  EXAMINERS, INC., FEDERATION OF STATE MEDICAL BOARDS, INC., MEDICAL

23  BOARD OF CALIFORNIA, and DOES 1 through 10, inclusive, and alleges as

24  follows:

25  INTRODUCTION:

26       1.   This is a Civil Rights action for discrimination against

27  a person with physical disabilities, for failure to reasonably

                              -1-

                           Complaint

1  accommodate Plaintiff in taking the USMLE, the United State Medical

2  Licensing Examination Step One, thereby discriminatorily denying

3  Plaintiff access to, the full and equal enjoyment of, opportunity to

4  participate in, and benefit from, the goods, facilities, services,

5  advantages and accommodations thereof.

6      **2.**     Plaintiff seeks injunctive relief and damages for

7  violations of his civil rights and for damages flowing from such

8  violations.

9  **PARTIES:**

10     **3.**     Plaintiff JOE BARBERA is a California resident with

11  disabilities.

12     **4.**     Defendants NATIONAL BOARD OF MEDICAL EXAMINERS, INC.,

13  FEDERATION OF STATE MEDICAL BOARDS, INC., MEDICAL BOARD OF CALIFORNIA,

14  and DOES 1 through 10, inclusive (hereinafter alternatively referred

15  to collectively as "Defendants"), are the owners and operators,

16  administrators, or agents of the owners, lessors and/or lessees,

17  and/or alter egos, franchisers and/or franchisees, of the United

18  States Medical Licensing Examination (USMLE), and subject to the

19  requirements of federal and state law requiring full and equal access

20  to programs and services offered to the public.

21     **5.**     Plaintiff JOE BARBERA does not know the true names of

22  Defendants NATIONAL BOARD OF MEDICAL EXAMINERS, INC., FEDERATION OF

23  STATE MEDICAL BOARDS, INC., MEDICAL BOARD OF CALIFORNIA, and DOES 1

24  through 10, inclusive, their business capacities, their ownership

25  connection to the property and business, or their relative

26  responsibilities in causing the access violations herein complained

27  of, and alleges a joint venture and common enterprise by all such

1 | Defendants. Plaintiff is informed and believes that each of the
2 | Defendants herein, including DOES 1 through 10, inclusive, is
3 | responsible in some capacity for the events herein alleged, or is a
4 | necessary party for obtaining appropriate relief. Plaintiff JOE
5 | BARBERA will seek leave to amend when the true names, capacities,
6 | connections, and responsibilities of the Defendants NATIONAL BOARD OF
7 | MEDICAL EXAMINERS, INC., FEDERATION OF STATE MEDICAL BOARDS, INC.,
8 | MEDICAL BOARD OF CALIFORNIA and DOES 1 through 10, inclusive, are
9 | ascertained.

10 | **PRELIMINARY FACTUAL ALLEGATIONS:**

11 | **6.** Defendants are or were at the time of the incident the
12 | owners and operators, lessors and lessees or administrators of the
13 | United States Medical Licensing Examination, USMLE, which is the
14 | licensing examination for all medical doctors in the United States.
15 | The examination is a program or service offered by a public entity,
16 | namely the Medical Board of California. Plaintiff also contends that
17 | the administering private non-profit corporate defendants are "public
18 | accommodations" subject to the requirements of state and federal law.

19 | **7.** Plaintiff attended a medical college participating in the
20 | USMLE examination. When Plaintiff sought reasonable accommodations for
21 | the examination, Defendants, and in particular the National Board of
22 | Medical Examiners, which operates the accommodation unit, engaged in a
23 | pattern and practice of deliberate delay, with full knowledge of the
24 | harm, both financial and academic that such delay was causing to
25 | Plaintiff. Plaintiff alleges that this pattern and practice of delay
26 | was general policy and practice at the accommodation unit and that it
27 | affected numerous other test takers that sought accommodations.

1  Plaintiff additionally alleges that the accommodation unit has a

2  policy and practice of requiring medical documentation of disabilities

3  far in excess of what is necessary to ensure the integrity of the

4  examination, and that it arbitrarily relied upon experts unfamiliar

5  with Plaintiff's disability, and furthermore that Defendants demanded

6  expensive medical diagnostics that were unhelpful in determining

7  whether Plaintiff should be accommodated.

8      8.    As a result of Defendants' policy of delay, and its

9  unreasonable handling of Plaintiff's request for accommodation on the

10 USMLE, Plaintiff JOE BARBERA was humiliated, embarrassed and

11 frustrated, suffering emotional injuries. He also suffered economic

12 harm in that each month of delay causes him to incur substantial

13 interest charges on his student loans. Additionally he suffered

14 academic harm in that the lengthy delays have substantially affected

15 his level of preparedness for the USMLE exam, which delays would

16 require him to take a review course at a substantial cost in time and

17 funds.

18     9.    Plaintiff wishes to take the USMLE Step 1 examination,

19 but because of Defendants' violations, Plaintiff and other persons

20 with physical disabilities are unable to participate in the

21 examination on a "full and equal" basis unless Defendants comply with

22 the provisions of the Americans with Disabilities Act and other

23 accessibility law as pleaded herein. Plaintiff has, therefore, been

24 deterred from taking this examination and continuing his medical

25 education.

26 ///

27 ///

-4-

Complaint

1   10.   Plaintiff JOE BARBERA is informed and believes and
2   therefore alleges that Defendants and each of them (1) caused the
3   subject examination to be administered in such a manner that persons
4   with disabilities were denied full and equal access to the examination
5   and were effectively denied the reasonable accommodations they needed;
6   (2) that the Defendants have had actual and constructive notice that
7   the exaination is not legally accessible to persons with disabilities;
8   (3) that despite being informed of such effect on Plaintiff and other
9   similarly situated students, Defendants, and each of them, knowingly
10  and willfully refused to take any steps to rectify the situation and
11  to provide full and equal access for Plaintiff and other similarly
12  situated students. Said defendants, and each of them, have continued
13  such practices, in conscious disregard for the rights and safety of
14  Plaintiff and other persons with disabilities, justifying imposition
15  of exemplary damages under Section 3294 of the California Civil Code.

16

17  **I.   FIRST CAUSE OF ACTION**: VIOLATION OF THE AMERICANS WITH
         DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All
18       Defendants (42 U.S.C. section 12101, et seq.)

19

20  11.   As persons who own and operate a public accommodation,
21  the private corporate Defendants are prohibited from (1) denying the
22  opportunity to participate in or benefit from a good, service,
23  facility, privilege, advantage, or accommodation on the basis of
24  disability. The Defendants have failed to comply with the ADA and,
25  therefore, discriminated against the Plaintiff.
26  ///
27  ///

-5-

Complaint

1    12.   The public Defendant, the MEDICAL BOARD OF CALIFORNIA, is
2  subject to Title II, and is prohibited from excluding qualified
3  individuals with disabilities from participation in or denying the
4  benefits of the services, programs or activities provided by the
5  public entity. Plaintiff alleges that this Defendant has excluded
6  Plaintiff from obtaining his medical license by participating in the
7  deliberate tactics of delay and frustration of the NATIONAL BOARD OF
8  MEDICAL EXAMINERS.

9    13.   42 U.S.C. §12205 provides that the court may award
10 attorney's fees, including litigation fees and costs, in any action
11 brought under the ADA.

12    14.   Wherefore, Plaintiff prays for relief as hereinafter
13 stated.

14 **II.   SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
   (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et
15 seq.)

16    15.   Plaintiff re-pleads and incorporates by reference, as if
17 fully set forth again herein, the allegations contained in all prior
18 paragraphs of this complaint.

19    16.   California Civil Code § 52 provides that a party that
20 discriminates against a plaintiff in violation of Civ. Code §51 shall
21 be liable for actual damages, up to three times actual damages but not
22 less than $4000 for each such offense, and any attorney's fees
23 incurred by the plaintiff(s).

24 **Count One:**

25    17.   The Defendants have not complied with the Americans with
26 Disabilities Act of 1990.

27 ///

-6-

1   **18.** Wherefore, Plaintiff prays for relief and damages as

2 hereinafter stated.

3 **III. THIRD CAUSE OF ACTION:** NEGLIGENCE
    (On behalf of the Plaintiff and Against All Defendants)

4

5   **19.** Plaintiff re-pleads and incorporates by reference, as if

6 fully set forth again herein, the allegations contained in all prior

7 paragraphs of this complaint.

8   **20.** Defendants had a duty to exercise ordinary care, i.e.,

9 comply with the various accessibility laws and ensure that qualified

10 individuals with disabilities could participate in the programs and

11 services offered.

12   **21.** Defendants failed to exercise ordinary care in that they

13 failed to ensure that their programs complied with the accessibility

14 guidelines and failed to reasonably accommodate Plaintiff in the USMLE

15 examination Step One.

16   **22.** As the actual and proximate result of Defendants' failure

17 to exercise ordinary care, Plaintiff suffered damages in an amount to

18 be determined by proof.

19   **23.** Wherefore, Plaintiff prays for relief and damages as

20 hereinafter stated.

21 **V. FOURTH CAUSE OF ACTION:** VIOLATION OF CALIFORNIA'S UNFAIR
    BUSINESS PRACTICES ACT (On behalf of the Public and Against All

22    Defendants) (Cal. Bus. & Prof. § 17200 et seq.)

23

24   **24.** Plaintiff re-pleads and incorporates by reference, as if

25 fully set forth again herein, the allegations contained in all prior

26 paragraphs of this complaint.

27 ///

-7-

Complaint

1    **25.**    Defendants' are in violation of California and Federal

2  law in that they do not provide required access for disabled persons.

3    **26.**    Defendants' acts and omissions alleged herein are a

4  violation of both statutory requirements and public policy and,

5  therefore, constitute a violation of Business and Professions Code

6  sections 17200 et seq.

7    **27.**    Plaintiff, on behalf of himself and the general public,

8  seeks injunctive relief requiring Defendants to reasonably accommodate

9  Plaintiff and all other similarly situated students whose requests for

10 accommodation may have been delayed or denied due to the unreasonable

11 procedural roadblocks and dilatory tactics employed by Defendants.

12   **28.**    Wherefore, Plaintiff prays for relief and damages and

13 relief as hereinafter stated.

14 **PRAYER:**

15   Wherefore, Plaintiff prays that this court award damages and

16 provide relief as follows:

17   **1.**    For injunctive relief, compelling Defendants to comply with

18         the Americans with Disabilities Act of 1990, and the Unruh

19         Civil  Rights  Act,  which  order  will  include  the

20         implementation of reasonable modifications in policies,

21         practice, eligibility criteria and procedures so as to

22         afford full access to the goods, services, facilities,

23         privileges, advantages and accommodations being offered;

24   **2.**    General and Special damages in an amount to be determined

25         by proof;

26   **3.**    Restitution;

27   **4.**    Exemplary damages;

-8-

5.     Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. 12205, and Cal. Civ. Code § 52;

6.     For such other and further relief as the court may deem proper.


Dated: August 23, 2003          LAW OFFICES OF LATHE S. GILL


By: _____
                                LATHE S. GILL
                                Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: August 23, 2003          LAW OFFICES OF LATHE S. GILL


By: _____
                                LATHE S. GILL
                                Attorney for Plaintiff


-9-

Nov-05-2003  01:10pm   From-                                      T-720   P.015/018   F-487

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

LATHE S GILL
LAW OFFICE OF LATHE S. GILL
PO BOX 1058
CRESCENT CITY, CA   95531

---

| | |
|---|---|
| JOE BARBERA | Case No.: **GIC816859** |
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | Judge:  **S. CHARLES WICKERSHAM** |
| NATIONAL BOARD OF MEDICAL EXAMINERS | Department:  **73** |
| Defendant(s) | Phone:  **619-685-6119** |

COMPLAINT FILED  08/27/03

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil consists of all cases except:  Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS:  Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SUPCT CIV-345) filed within 60 days of filing.  This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.  SEE ADR INFORMATION PACKET AND STIPULATION.

### CERTIFICATE OF SERVICE
I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at        SAN DIEGO California.

DATED: 08/28/03

BY:  CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev 5-03)                       ASS-NOTICE OF CASE ASSIGNMENT

Nov-05-2003 01:20pm  From-                                              T-720  P.016/018  F-487

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**

| | |
|---|---|
| **JOE BARBERA** Plaintiff(s)  vs.  **NATIONAL BOARD OF MEDICAL EXAMINERS** Defendant(s) | **Case No.:** GIC816859 **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** (CRC 1590.1) **Judge:** S. CHARLES WICKERSHAM **Department:** 73 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management timelines.

☐ Court-Ordered Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify):_____

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                    Name of Defendant

Signature                            Signature

Name of Plaintiff's Attorney         Name of Defendant's Attorney

Signature                            Signature

(Attach another sheet if additional names are necessary).  It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225.  Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

IT IS SO ORDERED.

IT IS ALSO ORDERED that:  No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 5-03)     ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS



## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR — i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute — the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Soft Tissue-Auto PI cases valued at $15,000 or less where liability is not in dispute may be assigned to the Soft Tissue-Auto PI Program, upon request (see Local Rule 2.31). Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if the case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.



**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Coordinator at 619-515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at 619-531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned or the court's Settlement Conference department at 619-531-3001. Please note that staff can only discuss ADR options and cannot give legal advice.

Nov-18-03 03:48P Fireman's Fund

NOV 17 2003 15:23 FR— NPDD CLAIMS FAX 312 441 6459 TO 91—8936833   P.08/33
NUV-11-2003 TUE 01:36 PM ...........   P.04

Nov-05-03 01:47P reports

CM-0

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

Latha Gill, SBN 206215
PO Box 1058 Crescent City, CA 95531
TELEPHONE NO: 866-611-2012   FAX NO: 877-213-7416
ATTORNEY FOR (Name): Joe Barbera
SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

FILED
CIVIL BUSINESS OFFICE 19
CENTRAL DIVISION

03 AUG 27 PM 2: 05

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

CASE NAME: Barbara v. National Board of Medical Examiners

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: GIC 816859 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

All five (5) items below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply): a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is [ ] is not a class action suit.

Date: 8/23/03

Latha Gill
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

8176684097   P.04

```
1  LATHE S. GILL, SBN 206216                        FILED
   LAW OFFICES OF LATHE S. GILL              CIVIL BUSINESS OFFICE 19
2  PO Box 1058                                   CENTRAL DIVISION
   Crescent City, CA 95531                   03 AUG 27 PM 2:07
3  Tel. 866-621-2012
                                             CLERK-SUPERIOR COURT
4                                            SAN DIEGO COUNTY, CA

5  Attorney for Plaintiffs, JOE BARBERA

6

7            IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                 IN AND FOR THE COUNTY OF SAN DIEGO

9

10

11 JOE BARBERA,              ) Case No.:  GIC 816859
                             )
12           Plaintiff,      ) COMPLAINT FOR DAMAGES AND
                             ) INJUNCTIVE RELIEF FOR VIOLATION
13 v.                        ) OF: AMERICANS WITH DISABILITIES
                             ) ACT OF 1990; UNFAIR CIVIL RIGHTS
14 NATIONAL   BOARD   OF MEDICAL) ACT; NEGLIGENCE; CALIFORNIA'S
   EXAMINERS, INC., a District of) UNFAIR BUSINESS PRACTICE ACT.
15 Columbia Corporation; FEDERATION)
   OF STATE MEDICAL BOARDS, an entity) DEMAND FOR JURY
16 of unknown form; MEDICAL BOARD OF)
   CALIFORNIA; and DOES 1 through 10,)
17 inclusive                  )
                             )
18                           )
             Defendants.     )
19                           )

20

21      Plaintiff JOE BARBERA complains of NATIONAL BOARD OF MEDIC

22 EXAMINERS, INC., FEDERATION OF STATE MEDICAL BOARDS, INC., MEDIC

23 BOARD OF CALIFORNIA, and DOES 1 through 10, inclusive, and alleges

24 follows:

25 INTRODUCTION:

26      1.    This is a Civil Rights action for discrimination again

27 a person with physical disabilities, for failure to reasona
```

-1-

1 accommodate Plaintiff in taking the USMLE, the United State Medic

2 Licensing Examination Step One, thereby discriminatorily denyi

3 Plaintiff access to, the full and equal enjoyment of, opportunity

4 participate in, and benefit from, the goods, facilities, service

5 advantages and accommodations thereof.

6     2.     Plaintiff seeks injunctive relief and damages f

7 violations of his civil rights and for damages flowing from su

8 violations.

9 **PARTIES:**

10     3.     Plaintiff JOE BARBERA is a California resident wi

11 disabilities.

12     4.     . Defendants NATIONAL BOARD OF MEDICAL EXAMINERS, INC

13 FEDERATION OF STATE MEDICAL BOARDS, INC., MEDICAL BOARD OF CALIFORNI

14 and DOES 1 through 10, inclusive (hereinafter alternatively referr

15 to collectively as "Defendants"), are the owners and operator

16 administrators, or agents of the owners, lessors and/or lessee

17 and/or alter egos, franchisers and/or franchisees, of the Unit

18 States Medical Licensing Examination (USMLE), and subject to t

19 requirements of federal and state law requiring full and equal acce

20 to programs and services offered to the public.

21     5.     Plaintiff JOE BARBERA does not know the true names

22 Defendants NATIONAL BOARD OF MEDICAL EXAMINERS, INC., FEDERATION

23 STATE MEDICAL BOARDS, INC., MEDICAL BOARD OF CALIFORNIA, and DOES

24 through 10, inclusive, their business capacities, their ownersh

25 connection to the property and business, or their relati

26 responsibilities in causing the access violations herein complain

27 of, and alleges a joint venture and common enterprise by all su

1  Defendants. Plaintiff is informed and believes that each of
2  Defendants herein, including DOES 1 through 10, inclusive,
3  responsible in some capacity for the events herein alleged, or is
4  necessary party for obtaining appropriate relief. Plaintiff
5  BARBERA will seek leave to amend when the true names, capaciti
6  connections, and responsibilities of the Defendants NATIONAL BOARD
7  MEDICAL EXAMINERS, INC., FEDERATION OF STATE MEDICAL BOARDS, IN
8  MEDICAL BOARD OF CALIFORNIA and DOES 1 through 10, inclusive,
9  ascertained.

10  PRELIMINARY FACTUAL ALLEGATIONS:

11      6.    Defendants are or were at the time of the incident
12  owners and operators, lessors and lessees or administrators of
13  United States Medical Licensing Examination, USMLE, which is
14  licensing examination for all medical doctors in the United Stat
15  The examination is a program or service offered by a public enti
16  namely the Medical Board of California. Plaintiff also contends t
17  the administering private non-profit corporate defendants are "pub
18  accommodations" subject to the requirements of state and federal law

19      7.    Plaintiff attended a medical college participating in
20  USMLE examination. When Plaintiff sought reasonable accommodations
21  the examination, Defendants, and in particular the National Board
22  Medical Examiners, which operates the accommodation unit, engaged i
23  pattern and practice of deliberate delay, with full knowledge of
24  harm, both financial and academic that such delay was causing
25  Plaintiff. Plaintiff alleges that this pattern and practice of de
26  was general policy and practice at the accommodation unit and that
27  affected numerous other test takers that sought accommodatio

-3-

1  Plaintiff additionally alleges that the accommodation unit has
2  policy and practice of requiring medical documentation of disabilit
3  far in excess of what is necessary to assure the integrity of
4  examination, and that it arbitrarily relied upon experts unfamil
5  with Plaintiff's disability, and furthermore that Defendants deman
6  expensive medical diagnostics that were unhelpful in determin
7  whether Plaintiff should be accommodated.

8      8.      As a result of Defendants' policy of delay, and
9  unreasonable handling of Plaintiff's request for accommodation on
10 USMLE, Plaintiff JOE BARBERA was humiliated, embarrassed
11 frustrated, suffering physical injuries. He also suffered econo
12 harm in that each month of delay caused him to incur substant
13 interest charges on his student loans. Additionally he suffe
14 academic harm in that the lengthy delays have substantially affec
15 his level of preparedness for the USMLE exam, which delays wo
16 require him to take a review course at a substantial cost in time
17 funds.

18     9.      Plaintiff wishes to take the USMLE Step 1 examinati
19 but because of Defendants' violations, Plaintiff and other pers
20 with physical disabilities are unable to participate in
21 examination on a "full and equal" basis unless Defendants comply w
22 the provisions of the Americans with Disabilities Act and ot
23 accessibility law as pleaded herein. Plaintiff has, therefore, b
24 deterred from taking this examination and continuing his medi
25 education.

26 ///
27 ///

Nov-18-03 03:50P  Firm ... Firm
NOV 17 2003 15:25 FR          NPDO CLAIMS FAX 312 441 6459 TO 91       536883      P.13/33
NOV-11-2003 TUE 01:40 PM A      ...RGOUINAI & NJSOO          FAX NO. 312 ...
Nov-05-03 01:BOP reports                                8178684097                  P.09

1       10.   Plaintiff JOE BARBERA is informed and believes

2   therefore alleges that Defendants and each of them (1) caused

3   subject examination to be administered in such a manner that pers

4   with disabilities were denied full and equal access to the examinat

5   and were effectively denied the reasonable accommodations they need

6   (2) that the Defendants have had actual and constructive notice t

7   the examination is not legally accessible to persons with disabilitie

8   (3) that despite being informed of such effect on Plaintiff and ot

9   similarly situated students, Defendants, and each of them, knowing

10  and willfully refused to take any steps to rectify the situation

11  to provide full and equal access for Plaintiff and other similar

12  situated students. Said defendants, and each of them, have contin

13  such practices, in conscious disregard for the rights and safety

14  Plaintiff and other persons with disabilities, justifying impositi

15  of exemplary damages under Section 3294 of the California Civil Code

16

17  I.   **FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH**

18      **DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against**
        **Defendants' (42 U.S.C. section 12101, et seq.)**

19

20      11.   As persons who own and operate a public accommodatio

21  the private corporate Defendants are prohibited from (1) denying t

22  opportunity to participate in or benefit from a good, servic

23  facility, privilege, advantage, or accommodation on the basis

24  disability. The Defendants have failed to comply with the ADA a

25  therefore, discriminated against the Plaintiff.

26  ///

27  ///

1      12.    The public Defendant, the MEDICAL BOARD OF CALIFORNIA,

2   subject to Title II, and is prohibited from excluding qualif:

3   individuals with disabilities from participation in or denying 1

4   benefits of the services, programs or activities provided by ·

5   public entity. Plaintiff alleges that this Defendant has exclu

6   Plaintiff from obtaining his medical license by participating in 1

7   deliberate tactics of delay and frustration of the NATIONAL BOARD

8   MEDICAL EXAMINERS.

9      13.    42 U.S.C. §12205 provides that the court may aw

10   attorney's fees, including litigation fees and costs, in any act.

11   brought under the ADA.

12      14.    Wherefore, Plaintiff prays for relief as hereinaf

13   stated.

14   II.   SECOND CAUSE OF ACTION:

15   (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51
     seq.)

16      15.    Plaintiff re-pleads and incorporates by reference, as

17   fully set forth again herein, the allegations contained in all pr

18   paragraphs of this complaint.

19      16.    California Civil Code § 52 provides that a party t

20   discriminates against a plaintiff in violation of Civ. Code §51 sh

21   be liable for actual damages, up to three times actual damages but

22   less than $4000 for each such offense, and any attorney's fr

23   incurred by the plaintiff(s).

24   Count One:

25      17.    The Defendants have not complied with the Americans w

26   Disabilities Act of 1990.

27   ///

1    18.   Wherefore, Plaintiff prays for relief and damages

2 hereinafter stated.

3 **III. THIRD CAUSE OF ACTION (NEGLIGENCE**

4    On behalf of the Plaintiff and Against All Defendants)

5    19.   Plaintiff re-pleads and incorporates by reference, as

6 fully set forth again herein, the allegations contained in all pr:

7 paragraphs of this complaint.

8    20.   Defendants had a duty to exercise ordinary care, i.

9 comply with the various accessibility laws and ensure that qualif:

10 individuals with disabilities could participate in the programs

11 services offered.

12    21.   Defendants failed to exercise ordinary care in that t

13 failed to ensure that their programs complied with the accessibil:

14 guidelines and failed to reasonably accommodate Plaintiff in the US

15 examination Step One.

16    22.   As the actual and proximate result of Defendants' fai:

17 to exercise ordinary care, Plaintiff suffered damages in an amount

18 be determined by proof.

19    23.   Wherefore, Plaintiff prays for relief and damages

20 hereinafter stated.

21 **IV. FOURTH CAUSE OF ACTION, VIOLATION OF CALIFORNIA'S UNFAIR**

22 **BUSINESS PRACTICES ACT (On behalf of the Public and Against All**
    Defendants) (Cal. Bus. & Prof. § 17200 et seq.)

23

24    24.   Plaintiff re-pleads and incorporates by reference, as

25 fully set forth again herein, the allegations contained in all pr

26 paragraphs of this complaint.

27 ///

-7-

25.  Defendants' are in violation of California and Fede
law in that they do not provide required access for disabled persons

26.  Defendants' acts and omissions alleged herein are
violation of both statutory requirements and public policy a
therefore, constitute a violation of Business and Professions C
sections 17200 et seq.

27.  Plaintiff, on behalf of himself and the general publ
seeks injunctive relief requiring Defendants to reasonably accommod
Plaintiff and all other similarly situated students whose requests
accommodation may have been delayed or denied due to the unreasona
procedural roadblocks and dilatory tactics employed by Defendants.

28.  Wherefore, Plaintiff prays for relief and damages
relief as hereinafter stated.

PRAYER:

Wherefore, Plaintiff prays that this Court award damages
provide relief as follows:

1.  For injunctive relief, compelling Defendants to comply w
the Americans with Disabilities Act of 1990, and the Un
Civil Rights Act, which order will include
implementation of reasonable modifications in policic
practices, eligibility criteria, and procedures so as
afford equal access to the goods, services, faciliti
privileges, advantages and accommodations being offered;

2.  General and Special damages in an amount to be determi
by proof;

3.  Restitution;

4.  Attorney's fees;

-5-

DEC 3,2003 10:07AM LATHE B. GILL 4145   NO. 3744   P. 11/12
Nov-18-03 03:52P Fireman's Fund
NOV 17 2003 15:26 FR FFIC NPDO CLAIMS FAX 312 441 6459 TO 918585935883   P.17/33
Nov-05-03 01:52P reports                        B178684097                 P.13

1      5.    Reasonable attorneys' fees, litigation expenses and cost

2            of suit, pursuant to 42 U.S.C. 12205, and Cal. Civ. Code

3            52;

4

5      6.    For such other and further relief as the court may de

6            proper.

7

8  Dated: August 23, 2003            LAW OFFICES OF LATHE B. GILL

9

10                          By: _____

11                              LATHE B. GILL
                                Attorney for Plaintiff

12

13                  DEMAND FOR JURY TRIAL

14     Plaintiff hereby demands a jury for all claims for which a jury

15  is permitted.

16

17  Dated: August 23, 2003            LAW OFFICES OF LATHE S. GILL

18

19                          By: _____

20                              LATHE S. GILL
                                Attorney for Plaintiff

21

22

23

24

25

26

27

                                    -9-

)                                    )

**PROOF OF SERVICE — SUMMONS**
(Use separate proof of service for each person served)

1. I served the
   a. ☐ summons ☒ complaint ☐ amended summons          ☐ amended complaint
      ☐ completed and blank Case Questionnaires          ☐ Other (specify):

   b. on defendant (name): *FEDERATION OF STATE MEDICAL BOARDS*

   c. by serving ☒ defendant ☐ other (name and title or relationship to person served):

   d. ☐ by delivery  ☐ at home  ☒ at business

   a. ☐ by mailing
      (1) date:
      (2) place:

                                                      G10 816859

2. Manner of service (check proper box):
   a. ☒ Personal service. By personally delivering copies. (CCP 415.10)
   b. ☐ Substituted service on corporation, unincorporated association (including partnership), or public entity. By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) (Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)
   d. ☐ Mail and acknowledgment service. By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid addressed to the sender. (CCP 415.30) (Attach completed acknowledgment of receipt.)
   e. ☐ Certified or registered mail service. By mailing to an address outside California (by first-class mail postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) (Attach signed return receipt or other evidence of actual delivery to the person served.)
   f. ☐ Other (specify code section):
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☒ on behalf of (specify):
      under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)          ☐ other:
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
   d. ☒ by personal delivery on (date):

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☒ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11-03-03

_James M. _____ (signature)

(For California sheriff, marshal, or constable use only)
I certify that the foregoing is true and correct.

Date:

Nov-18-03 03:02P Firemans Fund

NOV 17 2003 15:27 PR FF NPDO CLAIMS FAX 312 441 6459 TO 91606636883    P.19/33

Nov-08-03 01:53P reports                          6178684097           P.15

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
### INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

---

| JOE BARBERA | | Code No.: GIC816859 |
|---|---|---|
| | Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** |
| | vs. | (CRC 1590.1) |
| NATIONAL BOARD OF MEDICAL EXAMINERS | | Judge: S. CHARLES WICKERSHAM |
| | Defendant(s) | Department: 73 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action will be submitted to the following alternative dispute resolution process. Retention of any of these actions will not delay any case management time lines.

☐ Court-Ordered Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify):

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Attorney: (mediation & arbitration only) _____

Date: _____                           Date: _____

Name of Plaintiff                               Name of Defendant

Signature                                       Signature

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

Signature                                       Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

IT IS SO ORDERED.

IT IS ALSO ORDERED that: no new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

Dated: _____                          _____
                                                JUDGE OF THE SUPERIOR COURT

Nov-18-03 03:53P Firemans Fund
NOV 17 2003 15:27 FR PPO CLAIMS FAX 312 441 6459 TO 918.8595863    P.20/33
8178084097    P.16
Nov-05-03 01:53P reports

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigant/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timeliness: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Soft Tissue-Auto PI cases valued at $15,000 or less where liability is not in dispute may be assigned to the Soft Tissue-Auto PI Program, upon request (see Local Rule 2.31). Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timeliness: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev. 05-03)    Page 1 of 2

Nov-18-03 03:04P Firemans Fund

NOV 17 2003 15:28 FR  APDO CLAIMS FAX 312 441 6459 TO 918-8936883   P.21/33

Nov-05-03 01:55P reports                          8176684097          P.17

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Coordinator at 619-515-8908. For more information about the Judicial Arbitration Program please contact the Arbitration Office at 619-531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned or the court's Settlement Conference department at 619-531-3001. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev. 03-03)                                          Page 3 of 3

Nov-18-03 03:52P Fireman's Fund

NOV 17 2003 15:25 FR    NFDD CLAIMS FAX 312 441 5459 TO 918668936883    P.18/33

NOV 11 2003 102 GITTLE III HIGGGGGTHINI L JAGGG

Nov-05-03 01:52P reports                     81788684097                 P.14

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
### INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

LATHE S GILL
LAW OFFICE OF LATHE S. GILL
PO BOX 1056
CRESCENT CITY, CA   95631

| | |
|---|---|
| **JOE BARBERA** | **Case No.: GIC816659** |
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | |
| **NATIONAL BOARD OF MEDICAL EXAMINERS** | Judge: **S. CHARLES WICKERSHAM** |
| Defendant(s) | Department: **73** |
| | Phone: **619-685-6119** |

**COMPLAINT FILED  08/27/03**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (JUDICIAL CIV-545) filed within 6 days of filing. This is a mandatory document and may not be substituted by the filing of any other documents.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

**CERTIFICATE OF SERVICE**

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed to shown each envelope and then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at    **SAN DIEGO**   ,
California.

**DATED:** 08/28/03                                      **BY: CLERK OF THE SUPERIOR COURT**