USDC SCAN INDEX SHEET










```
JAH    12/10/03    11:57
3:03-CV-02398   BARBERA V. MEDICAL EXAMINERS
*3*
*ANS.*
```

1  COOLEY GODWARD LLP
   GREGORY C. TENHOFF (154553)
2  WENDY J. BRENNER (198608)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA 94306-2155
4  Telephone:   (650) 843-5000
   Facsimile:   (650) 849-7400
5
   Attorneys for Defendant
6  NATIONAL BOARD OF MEDICAL EXAMINERS

FILED
03 DEC -9 PM 3:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

BY FAX

| | |
|---|---|
| JOE BARBERA,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, INC., a District of Columbia Corporation; THE FEDERATION OF STATE MEDICAL BOARDS, an entity of unknown form; THE MEDICAL BOARD OF CALIFORNIA; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 03 CV 02398 IEG (LSP)<br><br>**ANSWER OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF JOE BARBERA'S COMPLAINT**<br><br>Trial Date: Not Yet Set |

Defendant National Board of Medical Examiners ("NBME") hereby responds as follows to the Complaint of Plaintiff Joe Barbera ("Complaint"):

**INTRODUCTION**

1.   The NBME admits that Plaintiff's Complaint alleges discrimination. Except as so admitted, the NBME denies each and every allegation contained in paragraph 1 of the Complaint.

2.   The NBME admits that Plaintiff's Complaint seeks injunctive relief and monetary damages. Except as so admitted, the NBME denies each and every allegation contained in paragraph 2 of the Complaint.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
n8q204!.DOC

1.

ANSWER OF DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:34                                                                PAGE.02

1  3.  The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 concerning the location of Plaintiff's residence, and on that basis denies those allegations. Except as so specifically denied, the NBME denies each and every allegation contained in paragraph 3 of the Complaint.

4.  The NBME admits that the United States Medical Licensing Examination™ (the "USMLE™") is sponsored and owned by the NBME and the Federation of State Medical Boards of the United States, Inc. (the "Federation") and that the NBME administers the USMLE™. Except as so admitted, the NBME denies each and every allegation contained in paragraph 4 of the Complaint.

5.  The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies each and every allegation in paragraph 5 of the Complaint.

### PRELIMINARY FACTUAL ALLEGATIONS

6.  Answering the first sentence of paragraph 6, the NBME admits that the USMLE™ is sponsored and owned by the NBME and the Federation, that the NBME administers the USMLE™, and that the USMLE™ is an examination recognized for licensing purposes by each of the medical licensing boards in the United States and its territories. Except as so admitted, the NBME denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint. The NBME denies each and every allegation contained in the second sentence of paragraph 6 of the Complaint. The third sentence of paragraph 6 of the Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to that sentence is required. To the extent any factual allegations are contained in the third sentence of paragraph 6 of the Complaint, the NBME denies each and every allegation contained therein.

7.  The NBME admits that Plaintiff has attended a medical college that has students who are eligible to take the USMLE™, that Plaintiff sought an accommodation for Step 1 of the examination from the NBME, and that the NBME processed Plaintiff's request for an accommodation. Except as so admitted, the NBME denies each and every allegation contained in paragraph 7 of the Complaint.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
#8q204!.DOC

2.

ANSWER OF DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:34                                                         PAGE.03

8. The NBME denies each and every allegation contained in paragraph 8 of the Complaint.

9. The NBME admits that Plaintiff applied to take step 1 of the USMLE™. Except as so admitted, the NBME denies each and every allegation contained in paragraph 9 of the Complaint.

10. The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint concerning Plaintiff's information and belief, and on that basis denies those allegations. The NBME admits that the USMLE™ is sponsored and owned by the NBME and the Federation and that the NBME administers the USMLE™. Except as so admitted and specifically denied, the NBME denies the allegations contained in paragraph 10 of the Complaint.

## FIRST CAUSE OF ACTION; VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

11. Paragraph 11 of the Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 11 is required. To the extent any factual allegations are contained in paragraph 11 of the Complaint, the NBME denies each and every allegation contained therein.

12. Paragraph 12 of the Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 12 is required. To the extent any factual allegations are contained in paragraph 12 of the Complaint, the NBME denies each and every allegation contained therein.

13. Paragraph 13 of the Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 13 is required. To the extent any factual allegations are contained in paragraph 13 of the Complaint, the NBME denies each and every allegation contained therein.

14. The NBME denies that Plaintiff is entitled to any of the relief sought in the Complaint.

///

COOLEY COWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
#Sqz04!.DOC

3.

ANSWER OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS
CASE No. 03 CV 02398 IEG (LSP)

PAGE.04

DEC 09 2003 14:34

## SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

15. The NBME hereby incorporates by reference its responses to paragraphs 1-14 contained herein.

16. Paragraph 16 of the Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 16 is required. To the extent any factual allegations are contained in paragraph 16 of the Complaint, the NBME denies each and every allegation contained therein.

17. The NBME denies each and every allegation contained in paragraph 17 of the Complaint.

18. The NBME denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## THIRD CAUSE OF ACTION: NEGLIGENCE

19. The NBME hereby incorporates by reference its responses to paragraphs 1-18 contained herein.

20. Paragraph 20 of the Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 20 is required. To the extent any factual allegations are contained in paragraph 20 of the Complaint, the NBME denies each and every allegation contained therein.

21. The NBME denies each and every allegation contained in paragraph 21 of the Complaint.

22. The NBME denies each and every allegation contained in paragraph 22 of the Complaint.

23. The NBME denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT

24. The NBME hereby incorporates by reference its responses to paragraphs 1-23 contained herein.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
#8qz04!.DOC

4.

ANSWER OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:35                                               PAGE.05

25. The NBME denies each and every allegation contained in paragraph 25 of the Complaint.

26. The NBME denies each and every allegation contained in paragraph 26 of the Complaint.

27. The NBME admits that Plaintiff's Complaint seeks injunctive relief. Except as so admitted, the NBME denies each and every allegation contained in paragraph 27 of the Complaint.

28. The NBME denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses, the NBME alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff's Complaint, and every and every cause of action therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Each and every cause of action in the Complaint is barred by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. Each and every cause of action in the Complaint in barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Each and every cause of action in the Complaint in barred by the doctrine of laches.

///

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
#8qz04!.DOC

5.

ANSWER OF DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:35                                                           PAGE.06

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Each and every cause of action in the Complaint is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

7. The NBME was justified in doing any and all of the acts alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

8. Plaintiff and/or his agents were comparatively at fault for any alleged harm, and thus Plaintiff's recovery should be limited by the proportional amount of harm for which he is responsible.

## NINTH AFFIRMATIVE DEFENSE

### (Necessity)

9. Plaintiff's claim for negligence is barred under the doctrine of necessity.

## TENTH AFFIRMATIVE DEFENSE

### (Defense of Others)

10. Plaintiff's claim for negligence is barred because the NBME was acting in defense of others.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

11. Plaintiff's Complaint fails to state facts sufficient to form the basis for obtaining punitive damages.

///

///

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
n6qz04!.DOC

6.

ANSWER OF DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:35                                                                 PAGE.07

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

12. Plaintiff's demand for punitive damages violates the NBME's right to protection from excessive fines as provided by the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates the NBME's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

13. Plaintiff's demand for damages is barred or reduced by his failure to mitigate his alleged damages.

The NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. The NBME reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses are applicable.

## **PRAYER**

Wherefore, the NBME prays as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. That judgment be entered thereon in favor the NBME;
3. That the Court award the NBME its costs incurred in defense of this action, including attorneys' fees; and
4. That the Court grant such other relief as it may deem proper.

Dated: December 9, 2003

COOLEY GODWARD LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)

*Wendy J. Brenner*

Wendy J. Brenner

Attorneys for Defendant NATIONAL BOARD OF MEDICAL EXAMINERS

Cooley Godward LLP
Attorneys At Law
Palo Alto

664523 v4/PA
#8qz04!.DOC

7.

ANSWER OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward LLP, Five Palo Alto Square, 3000 El Camino Real, Palo Alto, California 94306-2155. On the date set forth below I served the documents described below in the manner described below:

**ANSWER OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF JOE BARBERA'S COMPLAINT**

☒ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☐ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the undersigned.

on the following part(ies) in this action:

Lathe S. Gill
Law Offices of Lathe S. Gill
P.O. Box 1058
Crescent City, CA 95331
Attorneys for Plaintiffs Joe Barbera

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

604523 v4/PA
#8qz04!.DOC

8.

ANSWER OF DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:36                                                                PAGE.09

1 | Daniel Gardenswartz Esq.
2 | Solomon Ward Seiderwurm & Smith LLP
  | 1200 Wells Fargo Plaza
  | 401 B Street
3 | San Diego, Ca 92101
4 | Attorneys for Defendant The Federation of State Medical Board of California

5 | Executed on December 9, 2003, at Palo Alto, California.

*Catherine R. Galan*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

664523 v4/PA
#8qz04!.DOC

9.

ANSWER OF DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS
CASE NO. 03 CV 02398 IEG (LSP)

DEC 09 2003 14:36                                    PAGE.10