USDC SCAN INDEX SHEET










JAH    12/10/03    12:30

3:03-CV-02398    BARBERA V. MEDICAL EXAMINERS

*4*

*ANS.*

```
DANIEL E. GARDENSWARTZ [SBN 169749]
ELIZABETH A. MITCHELL [SBN 204853]
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755
```

FILED
03 DEC -9 PM 4:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys for Defendant FEDERATION OF STATE MEDICAL BOARDS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE BARBERA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, INC., a District of Columbia Corporation; FEDERATION OF STATE MEDICAL BOARDS, an entity of unknown form; THE MEDICAL BOARD OF CALIFORNIA; and DOES 1 through 10, inclusive,<br><br>    Defendant. | CASE NO.: 03-cv-02398 IEG (LSP)<br><br>ANSWER OF DEFENDANT FEDERATION OF STATE MEDICAL BOARDS TO PLAINTIFF'S COMPLAINT<br><br>The Hon. Irma E. Gonzalez<br>Complaint filed: December 3, 2003 |

Defendant Federation of State Medical Boards (the "Federation") answers Plaintiff Joe Barbera's ("Plaintiff") Complaint for Damages and Injunctive Relief for Violation of: Americans with Disabilities Act of 1990; Unruh Civil Rights Act; Negligence; California's Unfair Business Practice Act ("Complaint") and alleges as follows:

### INTRODUCTION

1. The Federation alleges this calls for a legal conclusion, and therefore denies each and every allegation contained in paragraph 1 of the Complaint for lack of information or belief.

2. The Federation alleges this calls for a legal conclusion, and therefore denies

P:232378.3:09200.005     -1-     03-cv-02398 IEG (LSP)
DEFENDANT FEDERATION OF STATE MEDICAL BOARDS' ANSWER TO PLAINTIFF'S COMPLAINT

ORIGINAL

1  each and every allegation contained in paragraph 2 of the Complaint for lack of information
2  or belief.
3     3.   The Federation denies each and every allegation contained in paragraph 3 of
4  the Complaint for lack of information or belief.
5     4.   The Federation admits that the United States Medical Licensing Examination™
6  (USMLE™) is owned and sponsored by the Federation and the National Board of Medical
7  Examiners. The Federation alleges that the requirements of state and federal law call for
8  legal conclusions and therefore denies allegations related to those requirements for lack of
9  information or belief. The Federation denies each and every remaining allegation contained
10 in paragraph 4 of the Complaint.
11    5.   The Federation denies each and every allegation contained in paragraph 5 of
12 the Complaint for lack of information or belief.

### PRELIMINARY FACTUAL ALLEGATIONS

14    6.   As to the first sentence of paragraph 6 of the Complaint, the Federation admits
15 that the USMLE is an examination for medical licensure in the United States and is owned
16 and sponsored by the Federation and the National Board of Medical Examiners. The
17 Federation denies each and every remaining allegation contained in the first sentence of
18 paragraph 6 of the Complaint. The Federation denies each and every allegation contained
19 in the second sentence of paragraph 6 of the Complaint. As to the last sentence in
20 paragraph 6 of the Complaint, the Federation alleges this calls for a legal conclusion and
21 denies each and every allegation for lack of information or belief.
22    7.   The Federation denies each and every allegation contained in the first
23 sentence of paragraph 7 of the Complaint for lack of information or belief. The Federation
24 denies each and every remaining allegation contained in paragraph 7 of the Complaint.
25    8.   The Federation denies each and every allegation contained in paragraph 8 of
26 the Complaint.
27    9.   The Federation denies allegations regarding Plaintiff's wishes, the existence of
28 Plaintiff's alleged disability, and allegations regarding Plaintiff's conduct and motivation for

1  lack of information or belief. The Federation denies each and every remaining allegation
2  contained in paragraph 9 of the Complaint.
3      10.   The Federation denies allegations contained in paragraph 10 of the Complaint
4  relating to the Plaintiff's information and belief for lack of information or belief. The
5  Federation denies each and every allegation contained in paragraph 10 of the Complaint as
6  it relates to the Federation. The Federation denies each and every allegation contained in
7  paragraph 10 of the Complaint as it relates to defendants other than the Federation for lack
8  of information or belief. The Federation denies the remaining allegations contained in
9  paragraph 10 of the Complaint.

## I.

## FIRST CLAIM FOR RELIEF

### (Violation of the Americans with Disabilities Act of 1990)

13      11.   The Federation alleges this calls for a legal conclusion and therefore denies
14  each and every allegation contained in paragraph 11 of the Complaint for lack of
15  information or belief.
16      12.   The Federation alleges this calls for a legal conclusion and therefore denies
17  each and every allegation contained in paragraph 12 of the Complaint for lack of
18  information or belief.
19      13.   The Federation alleges this calls for a legal conclusion and therefore denies
20  each and every allegation contained in paragraph 13 of the Complaint for lack of
21  information or belief.
22      14.   The Federation denies each and every allegation contained in paragraph 14 of
23  the Complaint for lack of information or belief regarding Plaintiff's prayer.

## II.

## SECOND CLAIM FOR RELIEF

### (Violation of the Unruh Civil Rights)

27      15.   The Federation incorporates its allegations contained in paragraphs 1 through
28  14 above.

16. The Federation alleges that this calls for a legal conclusion and California Civil Code sections 51 and 52 speak for themselves, and therefore denies the allegations contained in paragraph 16 of the Complaint for lack of information or belief.

**Count One:**

17. The Federation denies each and every allegation contained in paragraph 17 of the Complaint.

18. The Federation denies each and every allegation contained in paragraph 18 of the Complaint for lack of information of belief regarding Plaintiff's prayer.

### III.

### THIRD CLAIM FOR RELIEF

(Negligence)

19. The Federation incorporates its allegations contained in paragraphs 1 through 18 above.

20. The Federation alleges this calls for a legal conclusion and therefore denies each and every allegation contained in paragraph 20 of the Complaint for lack of information or belief.

21. The Federation denies each and every allegation contained in paragraph 21 of the Complaint.

22. The Federation denies each and every allegation contained in paragraph 22 of the Complaint.

23. The Federation denies each and every allegation contained in paragraph 23 of the Complaint for lack of information or belief regarding Plaintiff's prayer.

### IV.

### FOURTH CLAIM FOR RELIEF

(Violation of California's Unfair Business Practices Act)

24. The Federation incorporates its allegations contained in paragraphs 1 through 23 above.

///

25. The Federation denies each and every allegation contained in paragraph 25 of the Complaint.

26. The Federation denies each and every allegation contained in paragraph 26 of the Complaint.

27. The Federation denies each and every allegation regarding what Plaintiff seeks for lack of information or belief. The Federation denies the remaining allegations contained in paragraph 27 of the Complaint.

28. The Federation denies each and every allegation contained in paragraph 28 of the Complaint for lack of information or belief regarding Plaintiff's prayer.

## AFFIRMATIVE DEFENSES

The Federation asserts the following separate defenses to the claims for relief set forth in the Complaint.

### FIRST AFFIRMATIVE DEFENSE
(Misjoinder of Party)

29. Plaintiff's claims against the Federation are barred because the Plaintiff improperly joined the Federation in this action.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

30. Plaintiff fails to state a claim upon which relief can be granted against the Federation.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

31. Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
(Laches)

32. Plaintiff is barred from any recovery under the doctrine of laches.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

33. Plaintiff has engaged in conduct and activities by reason of which he is estopped to assert any claim against the Federation.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

34. Plaintiff has waived any claim or cause of action against the Federation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

35. Plaintiff has failed to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the damages or injuries, if any, suffered by him. Therefore, Plaintiff is barred from any recovery for such damages or injuries, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

36. Plaintiff's claims are barred under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

37. Plaintiff would be unjustly enriched by recovery against the Federation.

## TENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

38. Plaintiff's request for relief is barred under the doctrine of *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

39. Plaintiff's alleged damages, if any, were wholly or partly contributed to and proximately caused by the conduct and activities of Plaintiff or others, including their negligence and carelessness. Plaintiff's recovery, if any, is diminished proportionately or completely to the extent that Plaintiff's loss is attributable to Plaintiff's own negligence or other fault, or to the negligence or fault of others.

## TWELFTH AFFIRMATIVE DEFENSE

*(Comparative Fault: Other Defendants or Third Parties)*

40. All events and happenings alleged in the Complaint and the resulting injuries and damages, if any, were proximately caused by the negligent, wrongful and tortious conduct of other defendants or unknown third parties. Therefore, any recovery received by Plaintiff in this matter should be barred or, in the alternative, diminished in an amount that is in direct proportion to the extent of comparative fault of the other defendants and other or unknown third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Superceding Cause)

41. Plaintiff's Complaint is barred because any alleged acts or omissions of the Federation were superceded by the acts or omissions of others, including Plaintiff and his agents or employees, which were the sole proximate cause of the injury, damage or loss to Plaintiff, thereby barring or diminishing Plaintiff's recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

42. Any alleged acts or omissions by the Federation were undertaken in good faith, without malice, for non-discriminatory reasons and in accordance with the Federation's legal rights, in order to further and protect the legitimate business interests of the Federation, and were thus justified and privileged. As a result, Plaintiff is barred from recovering damages for each of his claims alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

43. Plaintiff is precluded from recovering punitive damages from the Federation under applicable provisions of law, including but not limited to California Civil Code § 3294.

///

///


## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

44. Plaintiff has failed to state a claim upon which punitive or exemplary damages may be awarded, since the imposition of liability upon the Federation for anything other than actual damages would constitute a violation of the Federation's rights under the United States and California Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Defenses)

45. The Federation presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. The Federation reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

## PRAYER

**WHEREFORE**, the Federation prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of the Federation;
3. That the Federation be awarded its costs of suit incurred herein;
4. That the Federation be awarded its reasonable attorneys' fees incurred herein;
5. That the Federation be awarded its expert witness fees and costs incurred herein; and
6. For such other and further relief as the Court deems just and proper.

DATED: December 9, 2003                    SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
DANIEL E. GARDENSWARTZ
ELIZABETH A. MITCHELL
Attorneys for Defendant FEDERATION OF STATE MEDICAL BOARDS

## DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Solomon Ward Seidenwurm & Smith, LLP, Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

On December 9, 2003, I served a copy, including all exhibits, if any, of the following document(s):

**ANSWER OF DEFENDANT FEDERATION OF STATE MEDICAL BOARDS TO PLAINTIFF'S COMPLAINT**

on the following parties:

| | |
|---|---|
| Lathe S. Gill, Esq.<br>Law Offices of Lathe S. Gill<br>P.O. Box 1058<br>Crescent City, CA  95531<br>(866) 621-2012<br>Attorney for Plaintiff JOE BARBERA | Wendy J. Brenner, Esq.<br>Cooley Godward LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA  94306<br>(650) 843-5000<br>Attorneys for Defendant NATIONAL BOARD OF MEDICAL EXAMINERS |

☒ **(BY MAIL)** I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY PERSONAL SERVICE)** I caused each such envelope to be sealed and given to a courier authorized by our attorney service to receive documents for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ **(BY FACSIMILE)** This document was transmitted by facsimile transmission from (619) 231-4755 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report.

P:232763.1:09200.005

| | | |
|---|---|---|
| 1 | ☐ | **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| 2 | | |
| 3 | ☒ | **(FEDERAL)** I declare that I am employed in the office of a member of this bar of this court, at whose direction this service was made. |

Executed on December 9, 2003, at San Diego, California.

*Linda D. Loveland*
Linda D. Loveland