USDC SCAN INDEX SHEET

















JAH   3/2/04   8:25

3:03-CV-02398   BARBERA V. MEDICAL EXAMINERS

*9*

*SCHEDO.*

FILED

04 MAR - 1  PM 12: 52

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE BARBERA, | Case No. 03cv2398-IEG (BLM) |
| Plaintiff, | **CASE MANAGEMENT CONFERENCE** |
| v. | **ORDER REGULATING DISCOVERY AND** |
| | **OTHER PRETRIAL PROCEEDINGS** |
| NATIONAL BOARD OF MEDICAL | |
| EXAMINERS, IN., a District of Columbia | (Fed. R. Civ. P. 16) |
| Corporation; FEDERATION OF STATE | (Local Rule 16.1) |
| MEDICAL BOARDS, an entity of unknown | (Fed. R. Civ. P. 26) |
| form; MEDICAL BOARD OF | |
| CALIFORNIA; and DOES 1 through 10, | |
| inclusive, | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on <u>February 27, 2004</u> at 2:00 p.m.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **March 29, 2004**.

2.    Each party shall serve on all opposing parties a list of



03cv2398

1  experts, whom that party expects to call at trial, on or before **May**
2  **27, 2004**.  Each party may supplement its designation in response to
3  the other party's designation no later than **June 10, 2004**.  Expert
4  designations shall include the name, address, and telephone number
5  of each expert and a reasonable summary of the testimony the expert
6  is expected to provide.  The list shall also include the normal
7  rates the expert charges for deposition and trial testimony.

8      The parties must identify <u>any</u> person who may be used at trial
9  to present evidence pursuant to Rules 702, 703 or 705 of the
10 Federal Rules of Evidence.  This requirement is <u>not</u> limited to
11 retained experts.

12     **Please be advised that failure to comply with this section or**
13 **any other discovery order of the Court may result in the sanctions**
14 **provided for in Fed. R. Civ. P. 37, including a prohibition on the**
15 **introduction of experts or other designated matters in evidence.**

16     3.   All expert disclosures required by Fed. R. Civ. P.
17 26(a)(2) shall be served on all parties on or before **July 27, 2004**.
18 Any contradictory or rebuttal information shall be disclosed on or
19 before **August 10, 2004**.  In addition, Fed. R. Civ. P. 26(e)(1)
20 imposes a duty on the parties to supplement the expert disclosures
21 made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that
22 pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3)
23 (discussed below).

24     The parties are advised to consult with Fed. R. Civ. P.
25 26(a)(2) regarding expert disclosures.  Such disclosures shall
26 include an expert report, all supporting materials, a complete
27 statement of all opinions to be expressed and the basis and reasons
28 therefor, the data or other information considered by the expert in

1   forming the opinions, any exhibits to be used as a summary of or

2   support for the opinions, the qualifications of the witness

3   including a list of all publications authored by the witness within

4   the preceding ten years, the compensation to be paid for the study

5   and testimony, and a list of other cases in which the witness has

6   testified as an expert at trial or by deposition within the

7   preceding four years.

8        This disclosure requirement applies to all persons retained or

9   specially employed to provide expert testimony, <u>or</u> whose duties as

10  an employee of the party regularly involve the giving of expert

11  testimony.

12       **Please be advised that failure to comply with this section or**

13  **any other discovery order of the Court may result in the sanctions**

14  **provided for in Fed. R. Civ. P. 37, including a prohibition on the**

15  **introduction of experts or other designated matters in evidence.**

16       4.   All discovery shall be completed by all parties on or

17  before **October 31, 2004**.  "Completed" means that interrogatories,

18  requests for production, and other discovery requests must be

19  served at least thirty (30) days prior to the established cutoff

20  date so that responses thereto will be due on or before the cutoff

21  date.  All subpoenas issued for discovery must be returnable on or

22  before the discovery cutoff date.  **<u>All disputes concerning</u>**

23  **<u>discovery shall be brought to the attention of the Magistrate Judge</u>**

24  **<u>no later than thirty (30) days following the date upon which the</u>**

25  **<u>event giving rise to the dispute occurred.  Counsel are required to</u>**

26  **<u>meet and confer regarding all discovery disputes pursuant to the</u>**

27  **<u>requirements of Local Rules 16.5(k) and 26.1(a).  All discovery</u>**

28  **<u>motions and/or conferences must be calendared within thirty (30)</u>**

03cv2398

**days of a dispute arising, and in the absence of extraordinary**
**circumstances, no later than thirty (30) days after the discovery**
**cutoff**.

5.   All other pretrial motions must be filed so that they <u>may</u>
<u>be heard</u> on or before **November 29, 2004**.  Motions will not be heard
or calendared unless counsel for the moving party has obtained a
motion hearing date from the law clerk of the judge who will hear
the motion.  **Be further advised that the period of time between the**
**date you request a motion date and the hearing date may be up to**
**three or more months. Please plan accordingly.**  For example, you
may need to contact the judge's law clerk three or more months in
advance of the motion cutoff to calendar the motion.   Failure to
timely request a motion date may result in the motion not being
heard.  <u>Motions will not be heard on the above date unless you have</u>
<u>obtained that date from the judge's law clerk</u>.

Questions  regarding  this  case  should  be  directed  to  the
judge's law clerk.  The Court draws the parties' attention to Local
Rule 7.1(e)(4) which requires that the parties allot <u>additional</u>
<u>time for service of motion papers by mail</u>.  Papers not complying
with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any
pending motion shall not exceed twenty-five (25) pages in length
without leave of the judge who will hear the motion.   No reply
memorandum shall exceed ten (10) pages without leave of the judge
who will hear the motion.

6.   A Mandatory Settlement Conference shall be conducted on
**July 12, 2004** at **9:30 a.m.** in the chambers of Magistrate Judge
Barbara L. Major **located at 401 West A Street, Suite 700, San**

4

03cv2398

1  **Diego, CA 92101**.   Counsel shall submit **confidential** settlement

2  statements **directly** to Magistrate Judge Major's chambers no later

3  than **July 1, 2004**.

4      Each party's settlement statement shall set forth the party's

5  statement of the case, identify controlling legal issues, concisely

6  set out issues of liability and damages, and shall set forth the

7  party's settlement position, including the last offer or demand

8  made by that party, and a separate statement of the offer or demand

9  the party is prepared to make at the settlement conference.   **The**

10 **settlement conference briefs shall not be filed with the Clerk of**

11 **the Court.**

12     All parties and claims adjusters for insured defendants and

13 representatives with complete authority to enter into a binding

14 settlement, as well as the principal attorney(s) responsible for

15 the litigation, must be present and legally and factually prepared

16 to discuss and resolve the case at the Mandatory Settlement

17 Conference.   Outside retained corporate counsel <u>shall not</u> appear

18 on behalf of a corporation as the party who has the authority to

19 negotiate and enter into a settlement.   **All conference discussions**

20 **will be informal, off the record, privileged, and confidential.**

21 *Failure of required parties and counsel to appear <u>in person</u> may be*

22 *cause for the imposition of sanctions.*

23     8.   Counsel shall serve on each other and file their

24 Memoranda of Contentions of Fact and Law and take any other action

25 required by Local Rule 16.1(f)(2) on or before **January 10, 2005**.

26 On or before this date, the parties must also comply with the

27 pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3).   The

28 parties should consult Fed. R. Civ. P. 26(a)(3) for the substance

1  of the required disclosures.

2      9.   Counsel shall confer and take the action required by

3  Local Rule 16.1(f)(4) on or before **January 17, 2005**.  At this

4  meeting, counsel shall discuss and attempt to enter into

5  stipulations and agreements resulting in simplification of the

6  triable issues.  Counsel shall exchange copies and/or display all

7  exhibits other than those to be used for impeachment, lists of

8  witnesses and their addresses including experts who will be called

9  to testify, and written contentions of applicable facts and law.

10 The exhibits shall be prepared in accordance with Local Rule

11 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the

12 proposed final pretrial conference order.

13     10.  The proposed final pretrial conference order, including

14 written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3)

15 pretrial disclosures, shall be prepared, served, and submitted to

16 the Clerk's Office on or before **January 24, 2005** and shall be in

17 the form prescribed in and in compliance with Local Rule

18 16.1(f)(6).  Any objections shall comply with the requirements of

19 Fed. R. Civ. P. 26(a)(3).  **Please be advised that the failure to**

20 **file written objections to a party's pretrial disclosures may**

21 **result in the waiver of such objections, with the exception of**

22 **those made pursuant to Rules 402 (relevance) and 403 (prejudice,**

23 **confusion or waste of time) of the Federal Rules of Evidence.**

24     11.  The final pretrial conference is scheduled on the

25 calendar of the Honorable Irma E. Gonzalez on **January 31, 2005** at

26 **10:30 a.m.**  The trial date will be assigned by Judge Gonzalez at

27 the pretrial conference.

28 ///

03cv2398

1       12.   The dates and times set forth herein will not be modified

2   except for good cause shown.

3       13. Plaintiff's(s') counsel shall serve a copy of this order

4   on all parties that enter this case hereafter.

5

6   Dated: __3/1/04__                  _____

7                                      BARBARA L. MAJOR
                                       United   States   Magistrate   Judge

8   COPY TO:

9   HONORABLE IRMA E. GONZALEZ
    U.S. DISTRICT JUDGE

10
    ALL COUNSEL
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

03cv2398